Original

FILED

1  COMPLAINT BY A PRISONER UNDER THE CIVIL RIGHTS ACT, 42 U.S.C §§ 1983

2  Name   **WARREN**              **FREDRICK**         FEB - 5 2008   **RAY**

3       (Last)                    (First)           (Initial)
                                                  RICHARD W. WIEKING
4  Prisoner Number  **F-28143**                   CLERK, U.S. DISTRICT COURT
                                                  NORTHERN DISTRICT OF CALIFORNIA

5  Institutional Address  **CSP, SAN QUENTIN, SAN QUENTIN, CA 94964**

6  ================================================================

7              UNITED STATES DISTRICT COURT
             NORTHERN DISTRICT OF CALIFORNIA

8  **Fredrick Ray Warren**
9  (Enter the full name of plaintiff in this action.)       CV 08   0819
   **James Tilton ,Agency secretary**
10 **Robert Sillen,**vs**Federal Receiver**      Case No. _____
   **Dr Kannon , CMO , Robert Ayers Jr.**       (To be provided by the Clerk of Court)
11 **Warden, Does 1-10inclusive**
                                               **COMPLAINT UNDER THE**
12 _____                **CIVIL RIGHTS ACT,**
                                               **Title 42 U.S.C § 1983**
13 _____

14 _____                      **(PR)**
15 (Enter the full name of the defendant(s) in this action)

16 *[All questions on this complaint form must be answered in order for your action to proceed..]*

17 I.   Exhaustion of Administrative Remedies.

18      [**Note:** You must exhaust your administrative remedies before your claim can go

19      forward. The court will dismiss any unexhausted claims.]

20      A.   Place of present confinement __**San Quentin State Prison**

21      B.   Is there a grievance procedure in this institution?

22               YES (✗)    NO ( )

23      C.   Did you present the facts in your complaint for review through the grievance

24           procedure?

25      •        YES (✗)    NO ( )

26      D.    If your answer is YES, list the appeal number and the date and result of the

27           appeal at each level of review. If you did not pursue a certain level of appeal,

28           explain why.

COMPLAINT                      - 1 -

1. Informal appeal _____ See Below _____

2. First formal level_____ See Below _____

3. Second formal level_____ See Below _____

4. Third formal level ___ __ See Below _____

E.    Is the last level to which you appealed the highest level of appeal available to you?

      YES ( )    NO (**x**)

F.    If you did not present your claim for review through the grievance procedure, explain why. **plaintiff was subsequently provided surgery and now contest the delay and obstructions of his health care**

II.   Parties.

A.    Write your name and your present address. Do the same for additional plaintiffs, if any.

    **FREDRICK RAY WARREN   C.S.P. SAN QUENTIN SAN QUENTIN ,CA**

B.    Write the full name of each defendant, his or her official position, and his or her

    **James Tilton Agency SECRETARY   1515 S Street Sacramento**

COMPLAINT                                        - 2 -

1 | DR KANON CHIEF MEDICAL OFFICER SAN QUENTIN STATE PRISON

2 | ROBERT SILLEN FEDERAL RECEIVER c/o U.S. FEDERAL DIST COURT

3 | NORTHERN DISTRICT OF CALIFORNIA

4 | ROBERT L. AYERS WARDEN SAN QUENTIN STATE PRISON

DOES 1-10 WILL BE APPROPRIATED INDENTIFIED UPON LAWFUL DIS.
5 | III.    Statement of Claim.

6    State here as briefly as possible the facts of your case. Be sure to describe how each

7 defendant is involved and to include dates, when possible. Do not give any legal arguments or

8 cite any cases or statutes. If you have more than one claim, each claim should be set forth in a

9 separate numbered paragraph.

10 | PLEASE SEE ATTACHED BRIEFS IN FULL

11

12

13

14

15

16

17

18

19

20

21

22

23 | IV.    Relief.

24    Your complaint cannot go forward unless you request specific relief. State briefly exactly

25 what you want the court to do for you. Make no legal arguments; cite no cases or statutes.

26 | PLAINTIFF REQUEST DAMAGES IN THE AMOUNT OF THREE MILLION DO
TO BE AWARDED AGAINST THE DEFENDANTS IN BOTH THEIR
27

28 | OFFICIAL AND INDIVIDUAL CAPACITIES

COMPLAINT                          - 3 -

1

2

3

4

5     I declare under penalty of perjury that the foregoing is true and correct.

6

7     Signed this _JAN_ day of _28_ _____, 20 _08_

8

9                    _Fredrick R Warren_

10                         (Plaintiff's signature)

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COMPLAINT                          - 4 -

FREDRICK RAY WARREN
F-28143
CSP, San Quentin
San Quentin, Ca.
94964

Plaintiff Pro Se


UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA


FREDRICK RAY WARREN

      Plaintiff

    v.

James Tilton, et al

      Defendants.

Case Number _____

**CIVIL RIGHTS COMPLAINT**
**42 U.S.C. SS 1983**


**DEMAND FOR JURY TRIAL**


I.


**JURISDICTION**

1. This is a civil rights action authorized by 42 U.S.C. Section 1983, and 28 U.S.VC. Section 1331, to redress the deprivation under color of State law , of rights secured by the Constitution of the United States .This court has jurisdiction under 28 U.S.C. Section 1343 and over all pendent law. Plaintiff seeks monetary damages.

      Plaintiff proceeds under  28 U.S.C. Section 1915.


(1)

## II

## PARTIES TO THE ACTION

### PLAINTIFF

1. Plaintiff. FREDRICK RAY WARREN, is and was at all times mentioned  herein a prisoner of the State of California in the care and custody of the California Department of Corrections and rehabilitation ( hereinafter CDCR). He was at all times mentioned herein , confined at San Quentin State Prison in Marin County.

### DEFENDANTS

2. Defendant JAMES TILTON, is the secretary of the California Department of Corrections and Rehabilitation  and was at all time mentioned herein. He is legally responsible for the care and treatment of all inmates housedin CDCR. He is likewise legally responsible for the acts and /or omissions of all arms , agencies and departments of the CDCR . Defendant Tilton is in a position of authority where he knew or should have known that the pliicy and practices  of the CDCR and its agents were subjecting plaintiff to violations of his Constitutional Rights .Defendant Tilton is being sued in his individual and official capacity.

3. Defendant Robert sillen is the Federal Receiver appointed by the United States District Court , Northern District of California , The honorable Theldon E. Henderson , to run the CDCR medical department, and thus has the same  responsinility as the Agency Secretary .

(2)

4. Dr Kannon the Chief Medical Officer at San Quentin State Prison
is in charge of the care and treatment  of all priosners confined
at San Quentin State Prison. Dr Kannon is responsible for all
operations of medical stafff at San Quentin State Prison. Dr
Kannon is also responsible for all medical personnel under her
command and all treatment operation performed by same.
Defendant Kannon is in a position of authority where she knew
or should have known thatthe acts and /or omissions  of the San
Quentin Medical Department and its staff  towards plaintiff's
serious medical condition was such that plaintiff would suffer
irreparable injury and deny him the rights afforded by the laws
ofhis State and the Constitution of the United States  Const
itution.

 Defendant Kannon is sued in her individual and official capacity.
5. Robert L. Ayers , Jr, is the Warden at San Quentin State Prison
and as such is responsible for the care and treatment of all
prisoners housed at San Quentin State Prison.

6. Doe 1-10 will be properly charged upon lawful discovery.

7. Dr Crossland was the Unit Doctor in H Unit who knew of the
plaintiff 's severe pain and need for operation and took no action
see that the treatment was provided.

    Dr Crossland is sue in her individual and official capacity
(3)
8. Dr Martin was a staff doctor who informed the plaintiff of
the need for surgery and the impact of bouts of severe pain but
took no action avert the pain attacks or see that surgery was
provided in a timely fashion

    Dr Martin is sued in his individual and official capacity.
(

(3)

III.

### STATEMENT OF THE FACTS

9.        •    Plaintiff has been housed at San Quentin State Prison

Upon intake plaintiff informed medical staff of

all his medical problems and requested follow up treatment in

a timely fashion. However, it was not until July 17, 2006, that

the plaintiff was seen by a medical provider other than intake

staff. At that medical appointment Dr Martin  informed the

plaintiff he suffered from a **left inguinal hernia,** that woould

have to be surgically removed. Dr Martin informed the plaintiff

that  pain would get worse and that the best positition for

comfort would be for the plaintff to lay down with his feet

elevated.

Plaintiff was unable to sit in an upward position

for any long period of time and was thus unable to go the classes

that he was assigned . Plaintiff subsequently was issued a Rule

Violation Report for not going to class .Plaintiff was in severe

pain and received no adequate treatment for this pain . Plaintiff

tried in vain to get the doctors assigned to H Unit and the

mainline clinic to comprehend his pain and suffering , to no

avail.

Plaintiff had to file a number of inmate appeal

to have appropriate pain medications prescribed for his painful

condition.

(4)

Plaintiff continued to request that he be provided surgery, given adeqaute pain medications , to no avail.

On April 21, 2007, after numerous letters compliants and conversations with medical staff , plaintiff was informed by R.N. Oliver of Medical appeals , that his surgery was long overdue and that a number of calls had been made to the medical scheduler regarding plaintiff's surgery.

On May 21, 2007, the plaintiif was seen by Dr Roberts whom plaintiff informed that he still had not had the surgerythat should have been done in October of 2006.

Plaintiff contends that since July 2006, he has received various diagnosis and promises of treatment from defendants to this action which have fallen far below minimal standards of care as prescribed by the laws of this State , the contact of the United States Constitution , and the Minimum Standards of Decency of an evoling society.

Plaintiff contends that between July 2006 to

the defendants each and every one of them , failed to take action to see that plaintiff was provided adequate pain medications , timely surgery ,and to not be issued rule violation reports based soley on his serious medical condition.

Plaintiff contends that on numerous ocassions he alerted the medical staff to the fact that his pain medication was ineffective and his surgery had not been provided and he remained in pain.

(5)

IV

**FIRST CAUSE OF ACTION :** Defendan acted with
Deliberta Indifference to Plaintiff's Serious
Needs in Violation of the Eighth Amendment of
United States Constitution.

10.    Plaintiff asserts that it is well established in Federal
Law that the denial of medical  attention to prisoners constitutes
an Eighth Amendment violation if the denial amounts to Deliberate
Indifference to serious medical needs of prisoners.It is further
well established that they delay of , or interference with ,
medical treatment can also amount to deliberate indifference
Plaintiff likewise submits that both  federal district courts
and the Ninth Circuit findings support that where the prisoner
is alleging that delay of medical treatment envinces deliberate
indifference , however , the prisoner must show that the delay
led to further injury . In the instant case , the delay  of
defendant's herewith , and their deliberate indifference  to
plaintiff's serious medical needs  prolonged  plaintiff's pain
and suffering , and continued unabated for over a close to a
year.The Ninth Circuit has even ruled that a mere ther-month
delay in replacing a prisoner'd dentures , which were causing
pain , was sufficient to state a claim of deliberate indifference.

11.       Plaintiff asserts that although he was subsequetly
provided the surgery  he suffered many months from severe pain
and suffering. Plaintiff would further submit that , although
he was seen by doctors who knew or should have known that he
was suffering from the need for surgery and in **severe pain** , took
no action to abate the conditions .

12.      Plaintiff asserts that his condition  caused him to
significant pain , and that he was forced to suffer that pain
even above and beyond the pain medication prescribed , for nearly
a year plus. Under federal definitions , a serious medical need
has been defined as " one that has been diagnosed by a physician
as requiring treatment or one that is so obvious that a lay
person would easily  recognize the necessity for a doctor's
attention"

   Plaintiff  submits that both definitions apply to his claim.
13.      Plaintiff therefore  alleges that  defendants each
and every one of them knew or should have known that
plaintiff's serious medical problem subjected him to pain and
suffering . Defendants herewith  were not qualified to exercise
judgment about plaintiff's medical condition and factors existed
that interfered with the exercise on any judgment they might
claim.

14.      Plaintiff therefore alleges that defendants **CALVO,
SILLEN, KANNON, AYERS, MARTIN,CROSSLAND,knew**  or should have
known that plaintiff'serious  medical  problem would subject
him to further significant pain and suffering .Defendants
herewith , with culpable state of mind, subjected plaintiff
to unnecessary and wanton infliction of pain, in violation of
the Eighth Amendment of the United States Constitution.

15.      Defendants Calvo, Kannon, Martin, Crossland, are
medical professionals in positions of authority where they knew
or should have known that their acts/ omissions , or the act/
omissions of the staff they supervise  would place plaintiff
in substantial risk of further injury, pain and suffering ,
and took no action to abate it.

Defendants herewith either refused to exercise judgment or their duty , or were not qualified to do so , and subjected  plaintiff to unnecessary and wanton infliction  of pain in violation of the Eighth Amendment of the United States Constitution.

16.    Defendant Tilton, as Secretary of the California Depart ment of Corrections and Rehabilitation  ( The Director oF Corr ections ) , is ultimately and legally responsible for the care and treatment  of all prisoners  incarcerated in the prisons of this State . He is likewise legally responsible for the acts/ omissions of all employees under the umbrella of his authority, whom act uner color of State law. Defendant Tilton was in a position of authority where he knewor should known that the acts/omissions of his subordinates would subject plaintiff to unnecessary and wanton infliction of pain in violation of the Eighth Amendment of the U.S. Constitution , and took no action to alleviate  or abate it.

17.    Plaintiff asserts that all named defendants owed plaintiff a duty to ensure his safety and security , his care and treatment and his right  to be free from cruel and unusal punisghment.

## V.

## PRAYER FOR RELIEF

WHEREFORE , Plaintiff prays:

1.That the Court        a judgment declaring that the defendants , and each of them, through individual and collective

(8)

acts , practices , and omissions complained of herein subjected plaintiff to unnecessary and wanton infliction of pain in violation of the Eighth Amendment  of the U.S. Constitution:

2.    That the Court  issue a preliminary  and permanent injunction prohibiting defendants , their successors  in office , agents and employees, and all other persons in active concert from continuing to deny plaintiff adequate medical care :

3.    That the Court award compensatory damages from defendants for mental  and emotional distress caused by defendants, and each of them, for their violation of his substantative rights, in an amount commensurate  to the pain and suffering inflicted by defendants , and each of them;

4.    That the Court award punitive damages from defendants , and each of them , for their reckless and deliberate indifference to plaintiff's substantative rights;

5.    For a jury **trial** on all issues;

6.    Such other and further relief as this Court may deem just, proper and, equitable.


Respectfully submitted



By _Fredrick R Warren_
**FREDRICK RAY WARREN**
Plaintiff Pro se

Dated _1-28_, 2008

(9)

ADMINISTRATIVE   APPEALS   (EXHAUSTION )

**INMATE/PAROLEE APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region

1. _____ SQ _____

2. _____

Log No.

1. 07-02139

2. _____

Category

X

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Warren, F. | F-28143 | | 5-14-20 |

A. Describe Problem:

See Attached 602
Dated Apr 16 REC'D

If you need more space, attach one additional sheet.

B. Action Requested:

Inmate/Parolee Signature: _____     Date Submitted: _____

C. INFORMAL LEVEL (Date Received: April 16, REC'D

Staff Response: I reviewed your appeal, medical record and
interviewed you twice, May 2, 2007 and today, in
your unit. I apologize again for your surgery ccse
to have fallen through the cracks). I agree to you
today your chrono copies, bruising, and **SEE ATTACHED**

Partially Granted.

Staff Signature: _____ RN  5-9-07     Date Returned to Inmate **MAY 0 9 2007**

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I am dissatisfied. On 5-9-07 Mr. Alex Irvine Health
Care R.N. assured me That I would be scheduled for surgery.
Two weeks have elapsed and contrary to what he stated (see attached
Letter) I have seen nor heard from anyone as to when I'm going to surgery

Signature: Fredrick R Warren     Date Submitted: 5-23-07 **MAY 24 REC'D**

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

**MAY 24 REC'D**

**MAY 25 REC'D**

First Level       ☑ Granted      ☐ P. Granted      ☐ Denied      ☐ Other _____ MAY 2 5 REC'D

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **MAY 2 4 2007** ___ Due Date: **JUL 0 9 2007**

Interviewed by: _n/a_

_Your appeal is granted as you have had surgery_

_____

_____

_____

Staff Signature: _Shaw CSHAW, S_                     Title: _SRN II_               Date Completed: **JUL 1 2 2007**
Division Head Approved:                                                                        Returned
Signature: _____                                      Title: _DCN 7/11/07_        Date to Inmate: **JUL 1 2 REC'D**

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

Signature: _____          Date Submitted: _____

Second Level      ☐ Granted      ☐ P. Granted      ☐ Denied      ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____          Date Completed: _____

Warden/Superintendent Signature: _____          Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____          Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
                                                    P.O. Box 942883
                                                    Sacramento, CA 94283-0001
                                                    Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted      ☐ P. Granted      ☐ Denied      ☐ Other _____
☐ See Attached Letter

                                                                        Date: _____

CDC 602 (12/87)

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

Location: Institution/Parole Region     Log No.     Category

1. _____SQ_____    1. __07-00739__    ___X___

2. _____    2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

5-4-20

| NAME | NUMBER | ASSIGNMENT | UNIT/ROOM NUMBER |
|------|--------|------------|------------------|
| Warren, F. | F-28143 | | 2H83L |

**A. Describe Problem:** _____

See Attached 602
Dated 1-22-07 Recid
Medical Appeals
@ Lundo RN
1-23-07

If you need more space, attach one additional sheet.

**B. Action Requested:** _____

as above

Inmate/Parolee Signature: _____    Date Submitted: _____

**C. INFORMAL LEVEL** (Date Received: _JAN 2 2 REC'D_ )    partially granted

Staff Response: Mr. Warren, we realized your frustration. Your surgery is still pending, so you have not been forgotten. I have requested a visit for you with your sick call doctor to eval your pain. If you wish to make a staff complaint, please submit on a separate 602 and be more specific - name your person you are complaining about please.

Staff Signature: Karen Carreelse 3/1/07    Date Returned to Inmate: FEB 02 2009

**D. FORMAL LEVEL**
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

I am dissatisfied with the response. I have been "granted" nothing! I have put in a sick call slip for continuous pain, and since 2-2-07, I have received no ducats to be seen by a doctor. I am no closer to receiving the surgery I so badly need, than I was six months ago. S.Q.'s Medical Department is criminally negligent & apathetic

Signature: F Warren    Date Submitted: 2-16-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim    CDC Appeal Number:

FEB 2 3 REC'D
FEB 2 3 REC'D

First Level    ☐ Granted    ☑ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: **FEB 2 3 2007**   Due Date: **APR 0 6 2007**

Interviewed by: _Q. Norrine RN on May 2nd 9th 2007 on the H-Unit Dorm and per our counterseitein, you surgery has been approved and is awaiting Ca date set by the surgeon. You will need to report your pre operatien preceliner as they are scheduled. Your narco was reordered on June 13, 2007. Your appeal has been particilly granted._

Staff Signature: _C. Norrine RN 617-07_ Title: _RN_    Date Completed: **JUN 18 2007**

Division Head Approved: _Mucell_

Signature: _____ Title: _____  ☐ Returned   Date to Inmate: _6-26-07_

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
P.O. Box 942883
Sacramento, CA 94283-0001
Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION: ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

Attachment

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

Location:  Institution/Parole Region      Log No.                    Category

1. _____      1. _____      _____
2. _____      2. _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME F. WARREN | NUMBER F-28143 | ASSIGNMENT ACADEMIC STUDENT | UNIT/ROOM NUMBER 2H-83-L |
|---|---|---|---|

A. Describe Problem: In July of 2006, I was told by San Quentin's physician, Dr. Martin that, "I definitely need a hernia operation, and was supposedly scheduled. Six months have gone by and I still have not received the operation. My left testicle is six times its normal size, and I am in constant and continuous pain. By her actions, San Quentin's Chief Medical Officer, Dr. Saylor, is in violation of D.O.M. 33030.5.2.4. " Inexcusable Neglect of Duty," a cause for Adverse Personnel Action as defined by D.O.M. 33030.5.2.

If you need more space, attach one additional sheet.

B. Action Requested: That there be no further delays, and that my hernia operation be done ASAP.

Inmate/Parolee Signature: F. Warren          JAN 19 REC'D    Date Submitted: 1-18-07

C. INFORMAL LEVEL (Date Received: JAN 22 REC'D )

Staff Response: This appeal process alleges misconduct by an employee of the Department of Corrections, and the informal level shall be waived in accordance with CCR Title 15, Section 3084.5 (a)(3)(G).

Staff Signature: F. Warren          FEB 02 2009    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: F. Warren          Date Submitted: 1-18-07

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

FEB 23 REC'D

First Level        ☐ Granted        ☐ P. Granted        ☐ Denied        ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ _____ Due Date _____ _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____        Title: _____        Date Completed: _____ _____

Division Head Approved:                                                                      Returned

Signature: _____        Title: _____        Date to Inmate: _____ _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____        See attached

_____        Johnson

_____

Signature: _____        Date Submitted: _____ _____

Second Level        ☐ Granted        ☐ P. Granted        ☐ Denied        ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ _____ Due Date: _____

☐ See Attached Letter

Signature: _____        Date Completed: _____

Warden/Superintendent Signature: _____        Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____        Date Submitted: _____

For the Director's Review, submit all documents to:  Director of Corrections
                                                     P.O. Box 942883
                                                     Sacramento, CA 94283-0001
                                                     Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:  ☐ Granted        ☐ P. Granted        ☐ Denied        ☐ Other _____

☐ See Attached Letter

Date: _____

CDC 602 (12/87)

**INMATE/PAROLEE**
**APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.     S-H 2OL

| NAME F. Warren | NUMBER R-28143 | ASSIGNMENT | UNIT/ROOM NUMBER 2-H-83-L |
|---|---|---|---|

A. Describe Problem: I filed a CDC 602 regarding the failure of San Quentin's Medical Department to arrange the necessary surgery to repair my left inguinal hernia which has had me in pain for over a year. I received notification on 2-24-07 that my 602 had been assigned to the "Health Care Manager" (Dr. Karen Saylor, M.D.) for a response (photocopy attached), with a "Due Date" of 4-6-07. To date, I have received no response. By her actions, Dr. Saylor is in violation of D.O.M. 33030.5.2.24 **"inexcusable Neglect of Duty,"** and D.O.M. 33030.5.2.2 **"NEGLIGENCE."**

If you need more space, attach one additional sheet.

B. Action Requested: That the Hiring Authority investigate this violation which goes beyond violations of the rules, but is a continuation of what Mr. Robert Sillen, Federal Medical Oversight Chairman has referred to as the **"San Quentin's criminal indifference in medical care."**

Inmate/Parolee Signature: _Fredrich (W) arren_     APR 1 2 REC'D Date Submitted: _4-10-07_

C. INFORMAL LEVEL (Date Received: **APR 1 6 REC'D**

Staff Response: _____ This appeal alleges **EMPLOYEE MISCONDUCT** by a Departmental Officer, and in accordance with CCR §3084.5 (a)(3)(G) proceeds to the FIRST FORMAL LEVEL.

Staff Signature: _____     Date Returned to Inmate **MAY 0 9 2007**

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Signature: _Fredried R Warren_     Date Submitted: _4-10-07_

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

APR 1 6

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:                                   Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____ See Attached

_____ Data Received April 16, REC'D

_____ Juuune RM 5-7-07

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
                                          P.O. Box 942883
                                          Sacramento, CA 94283-0001
                                          Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

                                                Date: _____

CDC 602 (12/87)

STATE OF CALIFORNIA                                                                    DEPARTMENT OF CORRECTIONS

**REASONABLE MODIFICATION OR**
**ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| INSTITUTION/PAROLE REGION: | LOG NUMBER: | CATEGORY: |
|---|---|---|
| | 06 - 1690 | **18. ADA** |

*NOTE:* THIS FORM IS TO BE USED ONLY BY INMATES/PAROLEES WITH DISABILITIES

*In processing this request, it will be verified that the inmate/parolee has a disability which is covered under the Americans With Disabilities Act.*

1-H-16

| INMATE/PAROLEE'S NAME (PRINT) | CDC NUMBER | ASSIGNMENT | HOURS/WATCH | HOUSING |
|---|---|---|---|---|
| WARREN  FREDRICK  R | F-28143 | UA | | 4E-10-1-L |

In accordance with the provisions of the Americans With Disabilities Act (ADA), no qualified individuals with a disability shall, on the basis of disability, be excluded from participation in, or be denied the benefits of the services, activities, or programs of a public entity, or be subjected to discrimination.

You may use this form to request specific reasonable modification or accommodation which, if granted, would enable you to participate in a service, activity or program offered by the Department/institution/facility, for which you are otherwise qualified/eligible to participate.

Submit this completed form to the institution or facility's Appeals Coordinator's Office. A decision will be rendered within 15 working days of receipt at the Appeals Coordinator's Office and the completed form will be returned to you.

If you do not agree with the decision on this form, you may pursue further review. The decision rendered on this form constitutes a decision at the FIRST LEVEL of review.

To proceed to SECOND LEVEL, attach this form to an Inmate/Parolee Appeal Form (CDC 602) and complete section "F" of the appeal form.

Submit the appeal with attachment to the Appeals Coordinator's Office within 15 days of your receipt of the decision rendered on this request form.

If you are not satisfied with the SECOND LEVEL review decision, you may request THIRD LEVEL review as instructed on the CDC 602.

## MODIFICATION OR ACCOMMODATION REQUESTED

DESCRIPTION OF DISABILITY:

I WAS BORN WITH A CONGENATAL HIP OF my RIGHT LEg

WHAT VERIFICATION DO YOU HAVE OF YOUR DISABILITY?

ANYONE WITH EYE'S CAN SEE THE WAY I WALK my RigHt LEg IS APROXAMENTLY ONE INCH SHORTER THAN my LEFt LEg. ALSO I HAVE THE SCARS. FROM SIX mayjor OPERACTION.

DESCRIBE THE PROBLEM:

WHEN I WENT to my pHSICAL HERE at SAN QUENTIN I WAS MEDICALEY ELIGIBAL FOR, FULL DUTY, CCF, FOOD HANDLING IM CLEARED FOR ALL THAT, BUT NOT FOR CAMP. WHY IS THAT? I HAVE BEEN IN THE BUILDING TRADE ALL my LIFE I WORK VERY HARD, AND CAN DO ANYTHING, ANYONE ELSE CAN DO, AND most TIMES I DO it BETTER.

WHAT SPECIFIC MODIFICATION OR ACCOMMODATION IS REQUESTED? I WANT TO BE ELgiBALE FOR CAMP. I WANT to go to CAMP. I KNOW THERE ARE JOBS THERE THAT SOMEONE LIKE my SELF CAN DO ALSO YOUR DEPRIVING ME OF DOing 1/3 TiME IF I CANT go. ALSO it is IN VIOLATION OF my RightS.

*Fredrick R Warren*
INMATE/PAROLEE'S SIGNATURE

JUNE 13-2006  JUN 27 RECD
DATE SIGNED

**REASONABLE MODIFICATION OR ACCOMMODATION REQUEST**
CDC 1824 (1/95)

| REVIEWER'S ACTION |
|---|

**TYPE OF ADA ISSUE**

DATE ASSIGNED TO REVIEWER: JUN 27 2006
DATE DUE: JUL 19 2006

☐ PROGRAM, SERVICE, OR ACTIVITY ACCESS (Not requiring structural modification)

    ☐ Auxiliary Aid or Device Requested

    ☒ Other _Request for Medical Clearance For Camp_

☐ PHYSICAL ACCESS (requiring structural modification)

**DISCUSSION OF FINDINGS:** _See attached memo dated 7/20/06_

DATE INMATE/PAROLEE WAS INTERVIEWED      PERSON WHO CONDUCTED INTERVIEW

**DISPOSITION**

☐ GRANTED    ☑ DENIED    ☐ PARTIALLY GRANTED

**BASIS OF DECISION:** _See attached memo dated 7/20/06_

**NOTE:** If disposition is based upon information provided by other staff or other resources, specify the resource and the information provided. If the request is granted, specify the process by which the modification or accommodation will be provided, with time frames if appropriate.

DISPOSITION RENDERED BY: (NAME)    TITLE _PT3_    INSTITUTION/FACILITY

| APPROVAL |
|---|

ASSOCIATE WARDEN'S SIGNATURE _M.E. Milligan_    DATE SIGNED _7/21/06_    JUL 24 REC'D

DATE RETURNED TO INMATE/PAROLEE

Warren, F                              Cont From 602
F- 28143                               Dated April 16, RECD

copies of this 602 and a 602 that you completed
and sent into us in January 2007 (Please see
attached.) We responded to it at the informal
level and sent it back to you on Feb. 2, 2007
but you stated you never received it. We
will reprocess that 602.

As per our conversation, I will be in
contact with you once a week up to and
including your surgery date. You stated
you had your labs drawn and EKG done
last week. You are scheduled for Doctors
line on Monday 7th — I will be working
closely with the medical scheduler to ensure
you are scheduled for surgery in a timely
manner. Your appeal is partially granted.

G. Guerin RN
Health Care Appeals
May 9, 2007
MAY 0 9 2007

**INMATE/PAROLEE
APPEAL FORM**
CDC 602 (12/87)

| Location: Institution/Parole Region | Log No. | Category |
|---|---|---|
| 1. _____ | 1. _____ | _____ |
| 2. _____ | 2. _____ | |

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME  F. WARREN | NUMBER  F-28143 | ASSIGNMENT | UNIT/ROOM NUMBER  5H-20-L |
|---|---|---|---|

A. Describe Problem: I received a memorandum regarding my CDC 602 Appeal (Log #CSQ 5-07-0213 stating that I would receive a response from the "Health Care Manager," which is Dr. Karen Saylor, M.D. by 7-09-07. That was Two weeks ago, and I still have no response. San Quentin's medical department by virtue of not responding within the specified time limits are in violation of CCR Title 15, 3084. 6(2) "Failure to respond within 30 working days", and D.O.M. 33030. 5. 2. 4. "Inexcusable Neglect of Duty." It's now been Three weeks

If you need more space, attach one additional sheet.

B. Action Requested: That the "Acting" Health Care Manager respond to my CDC 602 in accordance with the guidelines established for the Department.

Inmate/Parolee Signature: Fredrick R Warren                    Date Submitted: 7-25-07

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

_____

_____

_____

Staff Signature: _____     Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

_____

_____

_____

Signature: _____     Date Submitted: _____

Note: Property/Funds appeals must be accompanied by a completed
Board of Control form BC-1E, Inmate Claim

CDC Appeal Number:

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____
Division Head Approved:                                                         Returned
Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____
☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
                                                    P.O. Box 942883
                                                    Sacramento, CA 94283-0001
                                                    Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter
                                                                    Date: _____

CDC 602 (12/87)

# INMATE/PAROLEE
# APPEAL FORM
CDC 602 (12/87)

Location: Institution/Parole Region

Log No.

Category

1. _____    1. _____    _____

2. _____    2. _____    _____

You may appeal any policy, action or decision which has a significant adverse affect upon you. With the exception of Serious CDC 115s, classification committee actions, and classification and staff representative decisions, you must first informally seek relief through discussion with the appropriate staff member, who will sign your form and state what action was taken. If you are not then satisfied, you may send your appeal with all the supporting documents and not more than one additional page of comments to the Appeals Coordinator within 15 days of the action taken. No reprisals will be taken for using the appeals procedure responsibly.

| NAME | NUMBER | ASSIGNMENT | | UNIT/ROOM NUMBER |
|------|--------|-----------|--|------------------|
| WARREN FREDRICK | F28143 | U A | 2H63 | 2101U |

A. Describe Problem: ~~█████████~~ ON MAY 31, 2006 I WENT TO MY PHISICIAL EXAMINATION. THE DOCTOR DID NOT DO A VERY ~~██████~~ THROUGH JOB OF IT. HE SEEN I WALK WITH A BIT OF A GATE, AND NEVER ASKED ME ABOUT IT, AND HAS DENIED ME FOR CAMP. MY LEG DOES NOT KEEP ME FROM DO ANYTHING I WANT. I HAVE BEEN IN CONSTRUCTION ALL MY LIFE AND CAN DO ANYth ANYONE ELSE CAN DO, AND MOST TIMES I DO IT BETTER. ALSO

If you need more space, attach one additional sheet. THEIR ARE JOBS AT CAMP THAT ARE LITE DUT,

B. Action Requested: I WOULD LIKE TO AT LEASED ELIGAIBLE FOR CAMP. IM CLEARED FOR FULL DUTY KETCHEN, SO WHY NOT CAMP. I COULD BE A COOK OR SOME OTHER DUTY WITHIN THE CAMP SO WHY HAVE I BEEN DENIED.

Inmate/Parolee Signature: _Fredrick R Warren_    Date Submitted: JUN 6, 2006

C. INFORMAL LEVEL (Date Received: _____ )

Staff Response: _____

Staff Signature: _____    Date Returned to Inmate: _____

D. FORMAL LEVEL
If you are dissatisfied, explain below, attach supporting documents (Completed CDC 115, Investigator's Report, Classification chrono, CDC 128, etc.) and submit to the Institution/Parole Region Appeals Coordinator for processing within 15 days of receipt of response.

Surgical Eval for (L) Ing hernia is pending —
Re-Evaluation for camp placement will follow surg —
Discussed ē pt. Plan is acceptable

Signature: _____ Gwin    Date Submitted: 6/10/6

Note: Property/Funds appeals must be accompanied by a completed Board of Control form BC-1E, Inmate Claim

CDC Appeal Number: _____

First Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

E. REVIEWER'S ACTION (Complete within 15 working days): Date assigned: _____ Due Date: _____

Interviewed by: _____

_____

_____

_____

_____

_____

_____

_____

Staff Signature: _____ Title: _____ Date Completed: _____

Division Head Approved:      Returned

Signature: _____ Title: _____ Date to Inmate: _____

F. If dissatisfied, explain reasons for requesting a Second-Level Review, and submit to Institution or Parole Region Appeals Coordinator within 15 days of receipt of response.

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

Second Level    ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____

G. REVIEWER'S ACTION (Complete within 10 working days): Date assigned: _____ Due Date: _____

☐ See Attached Letter

Signature: _____ Date Completed: _____

Warden/Superintendent Signature: _____ Date Returned to Inmate: _____

H. If dissatisfied, add data or reasons for requesting a Director's Level Review, and submit by mail to the third level within 15 days of receipt of response.

_____

_____

_____

_____

_____

Signature: _____ Date Submitted: _____

For the Director's Review, submit all documents to: Director of Corrections
            P.O. Box 942883
            Sacramento, CA 94283-0001
            Attn: Chief, Inmate Appeals

DIRECTOR'S ACTION:   ☐ Granted    ☐ P. Granted    ☐ Denied    ☐ Other _____
☐ See Attached Letter

CDC 602 (12/87)                          Date: _____

EVIDENCE OF DISCIPLINARY ACTIONS BASED on MEDICAL PROBLEMS

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| F28143 | WARREN | | | CSP-SQ | 2H083L | |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| 3041 PERFORMANCE | ABSENT FROM ASSIGNMENT | ABE III | 04-10-07 | 0900 |

**CIRCUMSTANCES**

On Tuesday, April 10, 2007, at approximately 0900 hours, while assigned as the instructor of the ABE 3 classroom in Education, I observed the absence of Inmate WARREN F28143 from position # ABE -1.088. In response to inquires from Education officer (s Evans, housing unit officer (s) Castro reported that Inmate WARREN refused to attend class. Inmate WARREN has refused to attend class on ; on 2/5/07, 2/6, 7 & 8/07, 3/28 & 29/7, 4/5/7 and 4/9/7. Inmate WARREN was verbally counselled 2/22/07. Inmate WARREN was issued CDC-128-A(s) for being absent on; 2/6/07. Inmate WARREN was issued CDC-115(s) for being absent on; 4/5/7. Inmate WARREN is being given "A" time for all these absences. Inmate WARREN is aware of this report. Inmate WARREN (IS NOT) a member of the Mental Health Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| G. Daniels | 04-10-07 | ABE III | F/S/SU/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| W. Reeves, Vice Principal | 04-10-07 | DATE N/A | LOC. N/A |

| CLASSIFIED | OFFENSE DIVISION | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | F (6-3) | 4/16/07 | E. Facto, Facility Captain | ☐ HO ☐ SHO ☐ SC ☐ FC |

**COPIES GIVEN INMATE BEFORE HEARING**

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE 4/19/07 | TIME 0822 | TITLE OF SUPPLEMENT N/A | |
|---|---|---|---|---|---|
| ☐ INCIDENT REPORT LOG NUMBER: N/A | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME | BY: (STAFF'S SIGNATURE) N/A | DATE | TIME |

**HEARING**

## SEE ATTACHED HEARING ADJUDICATION (CDC-115C), WARREN, F-28143, 07-3H-04-019

REFERRED TO  ☐ CLASSIFICATION  ☒ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| N. GAUGHAN, CORRECTIONAL LIEUTENANT | | | 11/20 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| E. FACIO, JR., CAPTAIN | 4/24/07 | J. C. ALLEN, ASSOCIATE WARDEN | 4/21/07 |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | | 4/25/07 | 1207 |

CDC 115 (7/88)

STATE OF CALIFORNIA
RULES VIOLATION REPORT - PART C

L. .ARTMENT OF CORRECTIONS

PAGE    1    OF    1

| CDC NUMBER | INMATE'S NAME | LOG NUMBER | INSTITUTION | TODAY'S DATE |
|---|---|---|---|---|
| F-28143 | WARREN | 07-3H-04-019 | CSP-SQ | 4/22/07 |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☒ HEARING | ☐ I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**: The hearing was convened on Sunday, April 22, 2007, at approximately 1020 hours, when I introduced myself to WARREN as the Senior Hearing Officer for this disciplinary. WARREN stated he was in good health, with normal vision and hearing, and ready to proceed. WARREN acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and CDC-115A. These reports, as well as the disciplinary charge of ABSENT FROM ASSIGNMENT, were reviewed with WARREN in the hearing. WARREN stated that he understood everything and that he was prepared to begin the hearing.

**Staff Assistant**: WARREN is not a participant in the Mental Health Services Delivery System. In addition, WARREN's behavior at the time of the incident was not considered bizarre, uncharacteristic, or unusual. Thus, a Mental Health Assessment Form was not initiated. A Staff Assistant was considered unnecessary, as WARREN's current mental health does not impair his ability to comprehend either the charges or the disciplinary process. In the hearing, WARREN stated that he attended school until the eleventh grade and that he speaks English, is literate, the issues are not complex and a confidential relationship is not required. Therefore, a Staff Assistant will not be assigned.

**District Attorney:** This matter has not been referred for criminal prosecution.

**Due Process:** The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Investigative Employee**: An IE was not assigned as the issues are not complex and the available information is sufficient. Per the CDC 115-A and his statements in the hearing, WARREN has not requested an IE assignment.

**Request for Witnesses**: WARREN did not request any witnesses at the hearing. The SHO did not request any witnesses at the hearing.

**Video and photo evidence**: Videotape and photo evidence was not an issue for this hearing.

**Plea**: WARREN entered a plea of NOT GUILTY at the hearing.

**Hearing testimony**: WARREN entered the following statement at the hearing: "I've got medical documentation that I was on a lay-in."

WARREN provided a copy of a medical Comprehensive Accommodation Chrono, completed by General Nurse Practitioner M. Hopkins and dated March 2, 2007. The Chrono states that there are physical limitations to job assignments and medically un-assigns WARREN for a period of one month.

**Finding: NOT GUILTY**, of the specific offense, ABSENT FROM ASSIGNMENT. This finding is based upon the following:

A. Based upon the copy of the medical Comprehensive Accommodation Chrono presented at the hearing, it appears that WARREN was medically unassigned during the date of the specific offense for this alleged Rules Violation.

**Disposition**: After review has been completed by the CDO, a copy of this disciplinary report will be sent to the Register of Institution Violations, the original copy of this disciplinary will be given to the inmate and all other copies of this disciplinary will be destroyed. Notice will be sent to Records staff to remove the CDC 804 from the Central file.

| SIGNATURE OF WRITER | | TITLE | | DATE NOTICE SIGNED | |
|---|---|---|---|---|---|
| N. GAUGHAN | | Correctional Lieutenant | | 4/22/07 | |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY (STAFF'S SIGNATURE) | | DATE SIGNED: 4/25/07 | TIME SIGNED: 1325 | |

**804 TO RECORDS ON: 04/06/07**

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## RULES VIOLATION REPORT

| CDC NUMBER<br>F-28143 | INMATE'S NAME<br>WARREN | | RELEASE/BOARD DATE | INST.<br>CSP-SQ | HOUSING NO.<br>2-H-83L | LOG NO.<br>07-3H-04 |
|---|---|---|---|---|---|---|
| VIOLATED RULE NO(S).<br>CCR-3041(b) PERFORMANCE | | SPECIFIC ACTS<br>ABSENT FROM ASSIGNMENT | | LOCATION<br>H-UNIT | DATE<br>04/05/07 | TIME<br>0930 |

CIRCUMSTANCES

On Thursday, April 5, 2007, at approximately 0930 hours, while assigned as the instructor of the ABE 3 classroom in Education, I observed the absence of inmate WARREN, CDC# F-28143, 2-H-83L, from position # ABE-1.08  In response to inquires from Education officer(s) Evans, housing unit officer(s) Castro reported that inmate WARREN refused to attend class. Inmate WARREN has refused to attend class on; 02/05/07, 02/06, 02/07 & 02/08/07, 03/27/07, 03/28 & 03/29.  Inmate WARREN was verbally counseled on 02/22/07.  Inmate WARREN was issued CDC-128-A for being absent on; 02/06/07. Inmate WARREN is being given "A" time for all these absences. Inmate WARREN is not a participant in the Mental Health Services Delivery System.  INMATE WARREN IS AWARE OF THIS REPORT.

| REPORTING EMPLOYEE (Typed Name and Signature)<br>▶ G. Daniel, Teacher | | | DATE | | ASSIGNMENT<br>POS. | | RDO'S<br>S/3/H |
|---|---|---|---|---|---|---|---|
| REVIEWING SUPERVISOR'S SIGNATURE<br>▶ T. Roberts, Principal | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | | | |
| | | | DATE | | | LOC. | |
| CLASSIFIED<br>☐ ADMINISTRATIVE<br>☑ SERIOUS | OFFENSE DIVISION:<br>"F" (C-30) | DATE<br>4/13/07 | CLASSIFIED BY (Typed Name and Signature)<br>▶ E. Facio, Jr. Facility Captain | | | HEARING REFERRED TO<br>☐ HO ☑ SHO ☐ SC ☐ FC | |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☑ CDC 115 | BY: (STAFF'S SIGNATURE)<br>▶ | | DATE<br>4/14/07 | TIME<br>0515 | TITLE OF SUPPLEMENT | | |
| ☐ INCIDENT REPORT<br>LOG NUMBER: | BY: (STAFF'S SIGNATURE)<br>▶ | | DATE | TIME | BY: (STAFF'S SIGNATURE)<br>▶ | DATE | TIME |

HEARING

REFERRED TO ☐ CLASSIFICATION ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE<br>▶ | | DATE | TIME |
|---|---|---|---|---|---|
| REVIEWED BY: (SIGNATURE)<br>▶ | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE<br>▶ | | DATE | |
| | BY: (STAFF'S SIGNATURE)<br>▶ | | | DATE | TIME |
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | | | |

CDC 115 (7/88)

STATE OF CALIFORNIA

RULES VIOLATION REPORT - PART C

⌐ ⌐PARTMENT OF CORRECTIONS

PAGE    1    OF    1

| CDC NUMBER F-28143 | INMATE'S NAME WARREN | LOG NUMBER 07-3H-04-015 | INSTITUTION CSP-SQ | TODAY'S DATE 4/22/07 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☑ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☑ HEARING | ☐ I.E .REPORT | ☐OTHER |
|---|---|---|---|---|---|

**Hearing**: The hearing was convened on Tuesday, April 17, 2007, at approximately 1130 hours, when I introduced myself to WARREN as the Senior Hearing Officer for this disciplinary. WARREN stated he was in good health, with normal vision and hearing, and ready to proceed. WARREN acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and CDC-115A. These reports, as well as the disciplinary charge of ABSENT FROM ASSIGNMENT, were reviewed with WARREN in the hearing. WARREN stated that he understood everything and that he was prepared to begin the hearing.

**Staff Assistant**: WARREN is not a participant in the Mental Health Services Delivery System. In addition, WARREN's behavior at the time of the incident was not considered bizarre, uncharacteristic, or unusual. Thus, a Mental Health Assessment Form was not initiated. A Staff Assistant was considered unnecessary, as WARREN's current mental health does not impair his ability to comprehend either the charges or the disciplinary process. In the hearing, WARREN stated that he attended school until the eleventh grade and that he speaks English, is literate, the issues are not complex and a confidential relationship is not required. Therefore, a Staff Assistant will not be assigned.

**District Attorney:** This matter has not been referred for criminal prosecution.

**Due Process**: The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Investigative Employee**: An IE was not assigned as the issues are not complex and the available information is sufficient. Per the CDC 115-A and his statements in the hearing, WARREN has not requested an IE assignment.

**Request for Witnesses**: WARREN did not request any witnesses at the hearing. The SHO did not request any witnesses at the hearing.

**Video and photo evidence**: Videotape and photo evidence was not an issue for this hearing.

**Plea**: WARREN entered a plea of NOT GUILTY at the hearing.

**Hearing testimony**: WARREN entered the following statement at the hearing: "I've got medical documentation that I was on a lay-in."

WARREN provided a copy of a medical Comprehensive Accommodation Chrono, completed by General Nurse Practitioner M. Hopkins and dated March 2, 2007. The Chrono states that there are physical limitations to job assignments and medically un-assigns WARREN for a period of one month.

**Finding: NOT GUILTY**, of the specific offense, ABSENT FROM ASSIGNMENT. This finding is based upon the following:

A. Based upon the copy of the medical Comprehensive Accommodation Chrono presented at the hearing, it appears that WARREN was medically unassigned during the date of the specific offense for this alleged Rules Violation.

**Disposition**: After review has been completed by the CDO, a copy of this disciplinary report will be sent to the Register of Institution Violations, the original copy of this disciplinary will be given to the inmate and all other copies of this disciplinary will be destroyed. Notice will be sent to Records staff to remove the CDC 804 from the Central file.

| SIGNATURE OF WRITER | TITLE | DATE NOTICE SIGNED |
|---|---|---|
| N. GAUGHAN | Correctional Lieutenant | 4/22/07 |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY (STAFF'S SIGNATURE) | DATE SIGNED: 4/25/07 | TIME SIGNED: 1326 |

STATE OF CALIFORNIA
DEPARTMENT OF CORRECTIONS

# RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| F28143 | WARREN | | | CSP-SQ | 2HU83L | |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| 3041 PERFORMANCE | ABSENT FROM ASSIGNMENT | ABE III | 04-10-07 | 0900 |

CIRCUMSTANCES

On Tuesday, April 10, 2007, at approximately 0900 hours, while assigned as the instructor of the ABE 3 classroom in Education, I observed the absence of inmate WARREN F28143 from position # ABE -1.088. In response to inquires from Education officer (s Evans, housing unit officer (s) Castro reported that Inmate WARREN refused to attend class. Inmate WARREN has refused to attend class on ; on 2/5/07, 2/6, 7 & 8/07, 3/28 & 29/7, 4/5/7 and 4/9/7. Inmate WARREN was verbally counselled 2/22/07. Inmate WARREN was issued CDC-128-A(s) for being absent on; 2/6/07. Inmate WARREN was issued CDC-115(s) for being absent on; 4/5/7. Inmate WARREN is being given "A" time for all these absences. Inmate WARREN is aware of this report. Inmate WARREN (IS NOT) a member of the Mental Health Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | | RDO'S |
|---|---|---|---|---|---|
| ▶ G. Daniels | | 04-12-07 | ABE III | F/S | SU/M |

| REVIEWING SUPERVISOR'S SIGNATURE | | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|---|
| ▶ W. Reeves, Vice Principal | | 04-12-07 | DATE | LOC. |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☐ SERIOUS | | 4/12 | ▶ E. Facio, Facility Captain | ☐ HO | ☐ SHO | ☐ SC | ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☒ CDC 115 | BY: (STAFF'S SIGNATURE) ▶ | DATE 9/19 | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |
|---|---|---|---|---|---|---|

HEARING

REFERRED TO  ☐ CLASSIFICATION   ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE ▶ | DATE | TIME |
|---|---|---|---|

| REVIEWED BY: (SIGNATURE) ▶ | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE ▶ | DATE |
|---|---|---|---|

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) ▶ | DATE | TIME |
|---|---|---|---|

CDC 115 (7/88)

STATE OF CALIFORNIA

DEPARTMENT OF CORRECTIONS

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| F28143 | WARREN | 3041 | 04-12-07 | CSP-SQ | |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT        ☐ YES   ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ I REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ I REVOKE my request for postponement. | ▶ | |

### STAFF ASSISTANT

| STAFF ASSISTANT ☐ REQUESTED ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ ASSIGNED   DATE   NAME OF STAFF | | |
| ☒ NOT ASSIGNED   REASON   INMATE 3315 (A)(2) | | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE ☐ REQUESTED ☐ WAIVED BY INMATE | INMATE'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☐ ASSIGNED   DATE   NAME OF STAFF | | |
| ☒ NOT ASSIGNED   REASON   DMN 3315(A)(2) | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE |
|---|---|---|---|

CDC 115-A (7/88)

If additional space is required use supplemental pages —

OSP 98 881

## SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|---|
| F28143 | WARREN | | 3041 | 04-12-07 | CSP-SQ | 07-3H-04-01 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

### POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION |
|---|---|
| | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

### STAFF ASSISTANT

| STAFF ASSISTANT | | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON | DNMC 3315 (d) (2) | | |

### INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON | DNMC 3315 (d) (1) | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

### WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)
☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER_____    ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | | DATE |
|---|---|---|---|
| | ▶ | | |
| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME | DATE 4\19\07 |

CDC 115-A (7/88)    *— If additional space is required use supplemental pages —*    OSP 98 8

08.

STATE OF CALIFORNIA
## RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

07-3H-02-083

| CDC NUMBER | INMATE'S NAME | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|
| F28143 | WARREN | | CSP-SQ | 2H083L | |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | LOCATION | DATE | TIME |
|---|---|---|---|---|
| 3041 PERFORMANCE | FAILURE TO PROGRAM | ABE III | 02-20-07 | 0830 |

CIRCUMSTANCES

On Tuesday, February 20, 2007, at approximately 0830 hours, while assigne as the instructor of the ABE 3 classroom in Education, I observed the absenc of Inmate WARREN F28143 from position # ABE -1.088. Inmate WARREN refused t attend class in response to inquires from Education officer Evans. Inmate WARRE has refused to attend class on 2/5/07, 2/6, 7 and 2/8/07. Inmate WARREN wa not verbally counselled due to continuing absence. Inmate WARREN was issue CDC-128-A(s) for being absent on; 2/6/07. Inmate WARREN is being given "A time for all these absences. Inmate WARREN is aware of this report. Inmat WARREN (IS NOT) a member of the Mental Health Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) | | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|---|
| G. Daniels | | 02-20-07 | ABE III | F/S/SU/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | | |
|---|---|---|---|---|
| W. Reeves, Vice Principal | 02-20-07 | DATE N/A | LOC. N/A | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO |
|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | "F (6-36) | 2/23/07 | G. Facio, Facility Captain | ☐ HO ☑ SHO ☐ SC ☐ FC |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT |
|---|---|---|---|---|
| | | 2/26/07 | 810 | N/A |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| N/A | N/A | | | N/A | | |

HEARING

## SEE ATTACHED HEARING ADJUDICATION (CDC-115C), WARREN, F-28143, 07-3H-02-083

| REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA | | | |
|---|---|---|---|
| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
| BAUGHAN, CORRECTIONAL LIEUTENANT | | 1/07 | 1400 |
| O, JR., CAPTAIN | 3/5/07 | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
| MATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | J. C. ALLEN, ASSOCIATE WARDEN | DATE 3/7/7  TIME 1140 |

**STATE OF CALIFORNIA**

## RULES VIOLATION REPORT

DEPARTMENT OF CORRECTIONS

07-3A-02-093

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| F28143 | WARREN | | | CSP-SQ | 2H083L | |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| 3041 PERFORMANCE | FAILURE TO PROGRAM | | ABE III | 02-20-07 | 0830 |

CIRCUMSTANCES

On Tuesday, February 20, 2007, at approximately 0830 hours, while assigned as the instructor of the ABE 3 classroom in Education, I observed the absence of Inmate WARREN F28143 from position # ABE -1.088. Inmate WARREN refused to attend class in response to inquires from Education officer Evans. Inmate WARREN has refused to attend class on 2/5/07, 2/6, 7 and 2/8/07. Inmate WARREN was not verbally counselled due to continuing absence. Inmate WARREN was issued CDC-128-A(s) for being absent on; 2/6/07. Inmate WARREN is being given "A" time for all these absences. Inmate WARREN is aware of this report. Inmate WARREN (IS NOT) a member of the Mental Health Delivery System.

| REPORTING EMPLOYEE (Typed Name and Signature) G. Daniels | | | DATE 02-20-07 | ASSIGNMENT ABE III | | F/S/SU/H |
|---|---|---|---|---|---|---|

| REVIEWING SUPERVISOR'S SIGNATURE W. Reeves, Vice Principal | | DATE 02-20-07 | ☐ INMATE SEGREGATED PENDING HEARING | | LOC. | |
|---|---|---|---|---|---|---|

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | | HEARING REFERRED TO | |
|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE ☑ SERIOUS | | | E. Facio. Facility Captain | | ☐ HO  ☑ SHO  ☐ SC  ☐ FC | |

| COPIES GIVEN INMATE BEFORE HEARING | | | | | | | |
|---|---|---|---|---|---|---|---|
| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | | DATE | TIME 0830 | TITLE OF SUPPLEMENT | | |
| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |

HEARING

REFERRED TO ☐ CLASSIFICATION    ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | | SIGNATURE | DATE | TIME |
|---|---|---|---|---|

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE | |
|---|---|---|---|---|

| | BY: (STAFF'S SIGNATURE) | | DATE | TIME |
|---|---|---|---|---|
| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | | | | |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| F28143 | WARREN | 3041 | 02-20-07 | CSP-SQ | 07-3NCP-C8 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| I DO NOT REQUEST my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| I REQUEST my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |

DATE NOTICE OF OUTCOME RECEIVED     DISPOSITION

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| I REVOKE my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE     NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON     DMX 3315 (d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE     NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON     DMX 3315 (d) | | |

EVIDENCE/INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE   ☐ STAFF ASSISTANT   ☐ INVESTIGATIVE EMPLOYEE   ☐ OTHER_____   ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |
| _____ | ☐ | ☐ | _____ | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|

| ☐ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 10 | DATE 01 4 07 |
|---|---|---|---|

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

OSP 98 8819

STATE OF CALIFORNIA                                          DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT – PART C                                    PAGE    1    OF    2

| CDC NUMBER<br>F-28143 | INMATE'S NAME<br>WARREN | LOG NUMBER<br>07-3H-02-083 | INSTITUTION<br>CSP-SQ | TODAY'S DATE<br>3/4/07 |
| --- | --- | --- | --- | --- |

| ☐ SUPPLEMENTAL | ☒ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☒ HEARING | ☐ I.E .REPORT | ☐OTHER |
| --- | --- | --- | --- | --- | --- |

**Hearing:** The hearing was convened on Sunday, March 4, 2007, at approximately 0810 hours, when I introduced myself to WARREN as the Senior Hearing Officer for this disciplinary. WARREN stated he was in good health, with normal vision and hearing, and ready to proceed. WARREN acknowledged that he received copies of the following documents more than 24 hours in advance of the hearing: CDC-115 and CDC-115A. These reports, as well as the disciplinary charge of FAILURE TO PROGRAM, were reviewed with WARREN in the hearing. WARREN stated that he understood everything and that he was prepared to begin the hearing.

**Staff Assistant:** WARREN is not a participant in the Mental Health Services Delivery System. In addition, WARREN's behavior at the time of the incident was not considered bizarre, uncharacteristic, or unusual. Thus, a Mental Health Assessment Form was not initiated. A Staff Assistant was considered unnecessary, as WARREN's current mental health does not impair his ability to comprehend either the charges or the disciplinary process. In the hearing, WARREN stated that he attended school until the eleventh grade and that he speaks English, is literate, the issues are not complex and a confidential relationship is not required. Therefore, a Staff Assistant will not be assigned.

**District Attorney:** This matter has not been referred for criminal prosecution.

**Due Process:** The disciplinary was served on the inmate within 15 days of discovery and the hearing was held within 30 days of service. The inmate received his copies of all documents more than 24 hours in advance of the hearing. There are no due process issues.

**Investigative Employee:** An IE was not assigned as the issues are not complex and the available information is sufficient. Per the CDC 115-A and his statements in the hearing, WARREN has not requested an IE assignment.

**Request for Witnesses:** WARREN did not request any witnesses at the hearing. The SHO did not request any witnesses at the hearing.

**Video and photo evidence:** Videotape and photo evidence was not an issue for this hearing.

**Plea:** WARREN entered a plea of NOT GUILTY at the hearing.

**Hearing testimony:** WARREN entered the following statement at the hearing: "I wrote this man a letter telling him why I couldn't be there. I have a hernia and I can't walk and then sit for six hours. I am trying to get medically unassigned. I finally went to the Doctor on the 26th. They've taken me to the hospital already to be operated on. But that was cancelled. I've been fighting this since July."

**Finding: GUILTY** of the offense, EVADING WORK. This finding is based upon the following:

A. The Rules Violation Report (RVR), written by G. Daniels, states in part, "On Tuesday, February 20, 2007 at approximately 0830 hours...I observed the absence of inmate WARREN F28143 from position # ABE -1.088. Inmate WARREN refused to attend class in response to inquiries from Education officer Evans."
B. The RVR adds, "Inmate WARREN has refused to attend class on 2/5/07, 2/6, 7, and 2/8/07...inmate WARREN was issued a CDC-128-A(s) for being absent on; 2/6/07."
C. WARREN's partial admission of guilt at the hearing when he stated, "I wrote this man a letter telling him why I couldn't be there. I have a hernia and I can't walk and then sit for six hours. I am trying to get medically unassigned. I finally went to the Doctor on the 26th. They've taken me to the hospital already to be operated on. But that was cancelled. I've been fighting this since July."

| SIGNATURE OF WRITER<br>N. GAUGHAN | | TITLE<br>Correctional Lieutenant | | DATE NOTICE SIGNED<br>3/4/07 | |
| --- | --- | --- | --- | --- | --- |
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED:<br>3/7/) | TIME SIGNED:<br>1140 | |

STATE OF CALIFORNIA                                    DEPARTMENT OF CORRECTIONS
RULES VIOLATION REPORT – PART C                        PAGE __2__ OF __2__

| CDC NUMBER F-28143 | INMATE'S NAME WARREN | LOG NUMBER 07-3H-02-083 | INSTITUTION CSP-SQ | TODAY'S DATE 3/4/07 |
|---|---|---|---|---|

| ☐ SUPPLEMENTAL | ☑ CONTINUATION OF: | ☐ CDC 115 CIRCUMSTANCES | ☑ HEARING | ☐ I.E .REPORT | ☐ OTHER |
|---|---|---|---|---|---|

**Disposition**: This RVR has been reduced to the Administrative level.   WARREN was counseled regarding his responsibility to report to all work or education assignments, until he is medically unassigned, and given a reprimand.

In addition, WARREN has been assessed thirty (30) days of Loss of Privileges, beginning on March 4, 2007 and ending on April 3, 2007.  These Loss of Privileges includes telephones, quarterly packages, special purchases, and any privilege group A exclusive yard and program activities.

Appeal rights were explained.  WARREN was referred to CCR §3084.1 for additional information on appeal procedures.



| SIGNATURE OF WRITER N. GAUGHAN | | TITLE Correctional Lieutenant | DATE NOTICE SIGNED 3/4/07 | |
|---|---|---|---|---|
| COPY OF CDC-115-C GIVEN TO INMATE | GIVEN BY: (STAFF'S SIGNATURE) | | DATE SIGNED: 3/7/1 | TIME SIGNED: 1140 |

804 TO RECORDS ON: 04/06/07

STATE OF CALIFORNIA
## RULES VIOLATION REPORT
DEPARTMENT OF CORRECTIONS

| CDC NUMBER | INMATE'S NAME | | RELEASE/BOARD DATE | INST. | HOUSING NO. | LOG NO. |
|---|---|---|---|---|---|---|
| F-28143 | WARREN | | EPRD 8-10-00 | CSP-SQ | 2-H-83L | 07-3H-04-01 |

| VIOLATED RULE NO(S). | SPECIFIC ACTS | | LOCATION | DATE | TIME |
|---|---|---|---|---|---|
| CCR-3041(b) PERFORMANCE | ABSENT FROM ASSIGNMENT | | H-UNIT | 04/05/07 | 0930 |

CIRCUMSTANCES

On Thursday, April 5, 2007, at approximately 0930 hours, while assigned as the instructor of the ABE 3 classroom in Education, I observed the absence of inmate WARREN, CDC# F-28143, 2-H-83L, from position # ABE-1.08. In response to inquires from Education officer(s) Evans, housing unit officer(s) Castro reported that inmate WARREN refused to attend class. Inmate WARREN has refused to attend class on; 02/05/07, 02/06, 02/07 & 02/08/07, 03/27/07, 03/28 & 03/29. Inmate WARREN was verbally counseled on 02/22/07. Inmate WARREN was issued CDC-128-A for being absent on; 02/06/07. Inmate WARREN is being given "A" time for all these absences. Inmate WARREN is not a participant in the Mental Health Services Delivery System. INMATE WARREN IS AWARE OF THIS REPORT.

| REPORTING EMPLOYEE (Typed Name and Signature) | DATE | ASSIGNMENT | RDO'S |
|---|---|---|---|
| ▶ G. Daniel, Teacher | 4/9 | POS. | S/S/H |

| REVIEWING SUPERVISOR'S SIGNATURE | DATE | ☐ INMATE SEGREGATED PENDING HEARING | |
|---|---|---|---|
| ▶ T. Roberts, Principal | 4/9/07 | N/A    LOC. N/A | |

| CLASSIFIED | OFFENSE DIVISION: | DATE | CLASSIFIED BY (Typed Name and Signature) | HEARING REFERRED TO | | | |
|---|---|---|---|---|---|---|---|
| ☐ ADMINISTRATIVE | "F" (0-3C) | 4/13/07 | ▶ E. Facie, Jr. Facility Captain | ☐ HO | ☑ SHO | ☐ SC | ☐ FC |
| ☑ SERIOUS | | | | | | | |

COPIES GIVEN INMATE BEFORE HEARING

| ☑ CDC 115 | BY: (STAFF'S SIGNATURE) | DATE | TIME | TITLE OF SUPPLEMENT | |
|---|---|---|---|---|---|
| | ▶ | 4/18/07 | 0912 | N/A | |

| ☐ INCIDENT REPORT LOG NUMBER: | BY: (STAFF'S SIGNATURE) | DATE | TIME | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|---|---|---|
| N/A | ▶ N/A | | | ▶ N/A | | |

HEARING

## SEE ATTACHED HEARING ADJUDICATION (CDC-115C), WARREN, F-28143, 07-3H-04-015

REFERRED TO ☐ CLASSIFICATION  ☐ BPT/NAEA

| ACTION BY: (TYPED NAME) | SIGNATURE | DATE | TIME |
|---|---|---|---|
| N. GAUGHAN, CORRECTIONAL LIEUTENANT | ▶ | 4/?/07 | 1400 |

| REVIEWED BY: (SIGNATURE) | DATE | CHIEF DISCIPLINARY OFFICER'S SIGNATURE | DATE |
|---|---|---|---|
| ▶ E. FACIO, JR., CAPTAIN | 4/24/07 | J. C. ALLEN, ASSOCIATE WARDEN | 4/24/07 |

| ☐ COPY OF CDC 115 GIVEN INMATE AFTER HEARING | BY: (STAFF'S SIGNATURE) | DATE | TIME |
|---|---|---|---|
| | ▶ | 4/25/07 | 1325 |

CDC 115 (7/88)

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|
| F-28143 | WARREN | CCR-3041(b) | 04/06/07 | CSP-SQ | 07-3H-04-015 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT ☐ YES ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| ☐ **I REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| | | | |

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| ☐ **I REVOKE** my request for postponement. | ▶ | |

## STAFF ASSISTANT

| STAFF ASSISTANT | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON DNMC 3315 (d)(2) | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | |
| ☒ NOT ASSIGNED | REASON DNMC 3315 (d)(1) | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE  ☐ STAFF ASSISTANT  ☐ INVESTIGATIVE EMPLOYEE  ☐ OTHER_____  ☐ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE | DATE |
|---|---|---|
| | ▶ | |

| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 0517 | DATE 4/10/07 |
|---|---|---|---|

CDC 115-A (7/88)

*— If additional space is required use supplemental pages —*

# SERIOUS RULES VIOLATION REPORT

| CDC NUMBER | INMATE'S NAME | | VIOLATED RULE NO(S). | DATE | INSTITUTION | LOG NO. |
|---|---|---|---|---|---|---|
| F-28143 | WARREN | | CCR-3041(b) | 04/06/07 | CSP-SQ | 07-3H-04-015 |

REFERRAL FOR FELONY PROSECUTION IS LIKELY IN THIS INCIDENT    ☐ YES   ☒ NO

## POSTPONEMENT OF DISCIPLINARY HEARING

| | INMATE'S SIGNATURE | DATE |
|---|---|---|
| I **DO NOT REQUEST** my hearing be postponed pending outcome of referral for prosecution. | ▶ | |
| I **REQUEST** my hearing be postponed pending outcome of referral for prosecution. | INMATE'S SIGNATURE ▶ | DATE |

| DATE NOTICE OF OUTCOME RECEIVED | DISPOSITION | | |
|---|---|---|---|
| I **REVOKE** my request for postponement. | | INMATE'S SIGNATURE ▶ | DATE |

## STAFF ASSISTANT

| STAFF ASSISTANT | | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON DNMC 3315 (d)(2) | | | |

## INVESTIGATIVE EMPLOYEE

| INVESTIGATIVE EMPLOYEE | | | INMATE'S SIGNATURE | DATE |
|---|---|---|---|---|
| ☐ REQUESTED | ☐ WAIVED BY INMATE | | ▶ | |
| ☐ ASSIGNED | DATE | NAME OF STAFF | | |
| ☒ NOT ASSIGNED | REASON DNMC 3315 (d)(1) | | | |

EVIDENCE / INFORMATION REQUESTED BY INMATE:

## WITNESSES

WITNESSES REQUESTED AT HEARING (IF NOT PRESENT, EXPLAIN IN FINDINGS)

☐ REPORTING EMPLOYEE    ☐ STAFF ASSISTANT    ☐ INVESTIGATIVE EMPLOYEE    ☐ OTHER _____    ☒ NONE

| WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED | WITNESSES (GIVE NAME AND TITLE OR CDC NUMBER) | GRANTED | NOT GRANTED |
|---|---|---|---|---|---|
| | ☐ | ☐ | | ☐ | ☐ |
| | ☐ | ☐ | | ☐ | ☐ |

INVESTIGATIVE REPORT: Investigative Employees must interview the inmate charged, the reporting employee, and any others who have significant information, documenting the testimony of each person interviewed. Review of files, procedures, and other documents may also be necessary.

| | INVESTIGATOR'S SIGNATURE ▶ | DATE |
|---|---|---|
| ☒ COPY OF CDC 115-A GIVEN INMATE | BY: (STAFF'S SIGNATURE) ▶ | TIME 0917 | DATE 4/16/07 |

CDC 115-A (7/88)     *— If additional space is required use supplemental pages —*

CORRESPONDENCE FORM SAN QUENTIN MEDICAL OFFICIALS

State of California

# Memorandum

Date  :    July 20, 2006

To    :    WARREN
           F-28143

From  :    **Department of Corrections, California State Prison, San Quentin, CA  94964**

Subject:   **FIRST LEVEL ADA APPEAL RESPONSE
           LOG NUMBER CSQ-6-06-01690**

You have requested medical clearance for Camp. I have received your UHR and
the R/C Physicals M.D. felt that you wouldn't be cleared for Camp. On my sick-
call exam of you on 7/14/06, you had an exacerbation of your left inguinal hernia
that requires surgical evaluation.

I feel it is prudent at this time to deny Camp clearance. However, after surgical
evaluation and repair is complete, I will follow-up during sick-call and request Camp
clearance at that time.

This appeal is DENIED.

T. MARTIN, M.D.
Staff Physician
CSP-San Quentin State Prison

CDC 1617 (3/89)
gfm

## COMPREHENSIVE ACCOMMODATION CHRONO

**INSTRUCTIONS**: A physician shall complete this form if an inmate requires an accommodation due to a medical condition. Circle P if the accommodation is to be permanent, or T if the accommodation is to be temporary. If the accommodation is temporary, write the date the accommodation expires on the line. A new form shall be generated when a change to an accommodation is required or upon renewal of a temporary accommodation. Any new form generated shall include previous accommodations, if they still apply. Chronos indicating permanent accommodations shall be reviewed annually. This form shall be honored as a permanent chrono at all institutions.

### A. HOUSING

| | | | |
|---|---|---|---|
| (None) | | Bottom Bunk | P/T _____ |
| Barrier Free/Wheelchair Access | P/T _____ | Single Cell (See 128-C date: _____ ) | P/T _____ |
| Ground Floor Cell | P/T _____ | Permanent OHU / CTC (circle one) | P/T _____ |
| Continuous Powered Generator | P/T _____ | Other _____ | P/T _____ |

### B. MEDICAL EQUIPMENT/SUPPLIES

| | | | |
|---|---|---|---|
| None | | Wheelchair: (type) _____ | P/T _____ |
| Limb Prosthesis | P/T _____ | Contact Lens(es) & Supplies | P/T _____ |
| Brace | P/T _____ | Hearing Aid | P/T _____ |
| Crutches | P/T _____ | Special Garment: | |
| Cane: (type) _____ | P/T _____ | (specify) _____ | P/T _____ |
| Walker | P/T _____ | Rx. Glasses: _____ | P/T _____ |
| Dressing/Catheter/Colostomy Supplies | P/T _____ | Cotton Bedding | P/T _____ |
| Shoe: (specify) _____ | P/T _____ | Extra Mattress  *LARGE* | P/T _____ |
| Dialysis Peritoneal | P/T _____ | Other  *ATHELETIC SUPPORTER*  P (T)  *90 DAYS* | |

### C. OTHER

| | | | |
|---|---|---|---|
| None | | Therapeutic Diet: (specify) | P/T _____ |
| Attendant to assist with meal access and other movement inside the institution. | P/T _____ | Communication Assistance | P/T _____ |
| Attendant will not feed or lift the inmate/patient or perform elements of personal hygiene. | | Transport Vehicle with Lift | P/T _____ |
| | | Short Beard   *CANNOT SIT DUE* P/T  *90 DAYS* | |
| Wheelchair Accessible Table | P/T _____ | Other  *NO SCHOOL*  *TO HERNIA P/T*  *90 DAYS* | |

### D. PHYSICAL LIMITATIONS TO JOB ASSIGNMENTS

Based on the above, are there any physical limitations to job assignments?   ☐ Yes   ☐ No

If yes, specify: _____

| INSTITUTION | COMPLETED BY (PRINT NAME) | TITLE |
|---|---|---|
| SAN QUENTIN | YOHN TRIX MS RUASWSC | |
| SIGNATURE | DATE 5/7/07 | CDC NUMBER, NAME (LAST, FIRST, MI) AND DATE OF BIRTH |
| HCM/CMO/SIGNATURE | DATE 5/9/ | WARREN, FREDERICK |
| (CIRCLE ONE)  APPROVED / DENIED | | F28143 |

COMPREHENSIVE ACCOMMODATION
CHRONO

7/4/66  5H201

Distribution:
Original - Unit Health Record     Canary - Central File     Pink - Correctional Counselor     Gold - Inmate

JUNE 6-07

A. IRVINE.

My surgery been approved, pending scheduling.
my medication has been canceled. can you have
Them restarted or get me in To see The doctor. asap.
Please

Fredrick R Warren   F-28143
5-H-20L

684552

STATE OF CALIFORNIA
CDC 7362 (Rev. 03/04)

## HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

| PART I:  TO BE COMPLETED BY THE PATIENT |
|---|
| *A fee of $5.00 may be charged to your trust account for each health care visit.* |
| **If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.** |

REQUEST FOR:    MEDICAL ☒    MENTAL HEALTH ☐    DENTAL ☐    MEDICATION REFILL ☐

NAME
FREDRICK WARREN

CDC NUMBER
F-28143

HOUSING
2-H-832

PATIENT SIGNATURE
Fredrick R Warren

DATE
1-31-07

REASON YOU ARE REQUESTING HEALTH CARE SERVICES. (Describe Your Health Problem And How Long You Have Had The Problem) I HAVE A INGUINAL HERNIA THAT NEED'S SURGICAL ATTENTION OR REPAIR. I HAVE JUST BEEN DUCATED TO SCHOOL ON THE HILL. I CAN NOT WALK THAT FAR EVERY DAY, OR SIT FOR SIX HOUR'S EVERY DAY. I NEED TO BE MEDICALY UN ASSIGNED.

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

| PART III:  TO BE COMPLETED AFTER PATIENT'S APPOINTMENT |
|---|
| ☐ Visit is not exempt from $5.00 copayment.  (Send pink copy to Inmate Trust Office.) |

| PART II:  TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE |
|---|

Date / Time Received: 2/1/07 @ 0730    Received by: ___ RN

Date / Time Reviewed by RN:    Reviewed by:

S:    Pain Scale:   1   2   3   4   5   6   7   8   9   10

O:   T:      P:      R:      BP:      WEIGHT:

A:

P:

☐ **See Nursing Encounter Form**

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY (IMMEDIATELY) ☐ | URGENT (WITHIN 24 HOURS) ☐ | ROUTINE (WITHIN 14 CALENDAR DAYS) ☐ |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION: SQ | |
| PRINT / STAMP NAME | SIGNATURE / TITLE | | DATE/TIME COMPLETED 2/7/07 @ 1400 |

CDC 7362 (Rev. 03/04)    Original - Unit Health Record    Yellow - Inmate (if copayment applicable)    Pink - Inmate Trust Office (if copayment applicable)    Gold - Inmate

OF CALIFORNIA
.62 (Rev. 03/04)

## HEALTH CARE SERVICES REQUEST FORM

DEPARTMENT OF CORRECTIONS

### PART I: TO BE COMPLETED BY THE PATIENT

*A fee of $5.00 may be charged to your trust account for each health care visit.*

If you believe this is an urgent/emergent health care need, contact the correctional officer on duty.

| REQUEST FOR: | MEDICAL ☒ | MENTAL HEALTH ☐ | DENTAL ☐ | MEDICATION REFILL ☐ |
|---|---|---|---|---|

NAME **Warren, F**

CDC NUMBER **F28143**

HOUSING **2 A 832**

PATIENT SIGNATURE

DATE **2/1/07**

REASON YOU ARE REQUESTING HEALTH CARE SERVICES (Describe Your Health Problem And How Long You Have Had The Problem) Awaiting hernia repair. Spoke with medical scheduling today & they are awaiting DCH to call for surgery date. In the meantime, this pain is increasing. Please eval for meds for pain. (His surg got cancelled by to Hospital in Nov/06 & is still pending - FYI) K. Harrell RN

*NOTE: IF THE PATIENT IS UNABLE TO COMPLETE THE FORM, A HEALTH CARE STAFF MEMBER SHALL COMPLETE THE FORM ON BEHALF OF THE PATIENT AND DATE AND SIGN THE FORM*

### PART III: TO BE COMPLETED AFTER PATIENT'S APPOINTMENT

☐ Visit is not exempt from $5.00 copayment. (Send pink copy to Inmate Trust Office.)

### PART II: TO BE COMPLETED BY THE TRIAGE REGISTERED NURSE

| Date / Time Received: | | Received by: |
|---|---|---|
| Date / Time Reviewed by RN: | 2/1 1445 @ 0745 | Reviewed by: |

S: 

Pain Scale:  1  2  3  4  5  6  7  8  9  10

O:  T:  P:  R:  BP:  WEIGHT:

A:

P:

☒ **See Nursing Encounter Form**  miscellaneous

E:

| APPOINTMENT SCHEDULED AS: | EMERGENCY ☐ (IMMEDIATELY) | URGENT ☐ (WITHIN 24 HOURS) | ROUTINE ☐ (WITHIN 14 CALENDAR DAYS) |
|---|---|---|---|
| REFERRED TO PCP: | | DATE OF APPOINTMENT: | |
| COMPLETED BY | | NAME OF INSTITUTION | |

| PRINT / STAMP NAME | SIGNATURE / TITLE | | DATE/TIME COMPLETED |
|---|---|---|---|
| | | | 2/7/07  1415 |

CDC 7362 (Rev. 03/04)   Original - Unit Health Record   Yellow - Inmate (if copayment applicable)   Pink - Inmate Trust Office (if copayment applicable)   Gold - Inmate

Warren, F.                          Cont From 602
F-28143                             Dated April 16, REC'D


copies of this 602 and a 602 that you completed
and sent into us in January 2007. (Please see
attached.) We responded to it at the informal
level and sent it back to you on Feb. 2, 2007
but you stated you never received it. We
will reprocess that 602.

As per our conversation, I will be in
contact with you once a week up to and
including your surgery date. You stated
you had your labs drawn and EKG done
last week. You are scheduled for Doctors
line on Monday 7th. I will be working
closely with the medical scheduler to ensure
you are scheduled for surgery in a timely
manner. Your appeal is partially granted.

A. Lirverio RN
Health Care Appeals.
May 9, 2007
MAY 0 9 2007

## *Standard Report*

## California State Prison, San Quentin

Prepared by: Elizabeth Ortega on 4/17/2007 7:24:30 AM

# APPEAL HISTORY FOR (F28143) WARREN, FREDRICK

Tracking Number: IA-11-2007-02649          Log Number: CSQ-5-07-00739

( 01-23-2007) Medical - Surgical Issues = ~~ (01-23-2007) - informal received on 1/22/2007. Patient requesting that he have his hernia operation one asap. Patient indicates this appeal process alleges misconduct by an employee of the department of corrections. ~~ (02-01-2007) - informal returned by Irvin, Alex on 2/1/2007. ~~ (02-01-2007) - informal Partially Granted on 2/1/2007 and was returned to inmate/patient. Patients surgery is still pending, so he has not been forgoten. ~~ (02-26-2007) - first level received on 2/23/2007. Patient indicates he has been granted "nothing!"

June 4, 2007

WARREN
F28143
5-H-20L

I wanted to reassure you that your pending surgical procedure is being closely monitored.

You were seen and evaluated by Doctor Levin on May 10, 2007. Your surgery has been approved but is pending scheduling.

You were seen in the Provider's Line on May 7, 2007 and an order was written for a chrono for a large athletic supporter and a release from school.

You will be notified if any additional treatments or procedures are required prior to your surgery date.

*A. Irvine, RN.*

**A. IRVINE R.N.**
PATIENT ADVOCATE REGISTERED NURSE
HEALTH CARE APPEALS

July   30, 2007

B. Welch
Associate Warden Health Care Division
San Quentin State Prison

RE FREDRICK RAY WARREN
CDCR -F-28141

Dear Mr. Welch:

This letter is to request your assistance with having a medical
appeal answered  and getting follow -up care from my recent
surgery.

The medical appeal that has not been answered is Log Number
5-07-02139, due date July 9, 2007

My surgery was on July 3, 2007 and I never received any
follow up care i.e. dressing changes, removal of the stitches,
or being sen by the surgeon.
I am hoping you can assist me in these matters .

Thank you ,

Fredrick Ray Warren

January 28, 2008


CLERK OF THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 GOLDEN CATE AVENUE
SAN FRANCISCO, CA
94102


RE WARREN VS TILTON ET AL
   **NEW FILING**

CV 08 ⁓0819

Dear Clerk :


Enclosed please find my civil rights complaint. Please file
the original and conform my cover sheet and return for my records


Thank you , *Fredrick R Warren*


Fredrick Ray Warren
Plaintiff Pro Se

UNITED STATES POSTAGE

$ 02.49°

02 1M
0004248233
MAILED FROM ZIP CODE 9 4 5 6

CLERK of THE COURT
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT of CALIFORNIA
450 GOLDEN GATE AVE
SAN FRANCISCO CA 94108

RECEIVED

JAN 3 1 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

LEGAL MAIL

FREDRICK L CARRERO
50156
SAN QUENTIN CA
94974